UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
REFINERIA DI KORSOU N.V.,                                     :
                                                              :     **ORDER AND OPINION**
                                        Plaintiff,            :     **DENYING MOTION TO**
      -against-                                               :     **VACATE DEFAULT**
                                                              :     **JUDGMENT AND DISMISS**
PETRÓLEOS DE VENEZUELA S.A.,                                  :     **WITH PREJUDICE**
                                                              :
                                        Defendant.            :     23 Civ. 4974 (AKH)
                                                              :
                                                              :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Refineria Di Korsou N.V. ("RDK" or "Plaintiff") filed this suit against Petróleos de Venezuela S.A. ("PDVSA" or "Defendant") in New York state court, alleging a breach of contract concerning a refinery facility in Curaçao, Venezuela. ECF No. 1-2 (Complaint) at ¶ 11-12. In its state Complaint, RDK, the owner of the refinery facility in Curaçao, alleged damages against PDVSA, a government-owned petroleum company that was leasing the Curaçao refinery, in the amount of $51,285,172.46. NYSCEF No. 1. PDVSA failed to appear in this New York litigation, and RDK moved for a default judgment against PDVSA. ECF No. 1-7. After the state court granted that motion, PDVSA removed the litigation to this Court, and now moves to vacate the New York court's default judgment and dismiss the case with prejudice. ECF No. 4.

## I.   Background Litigation

RDK commenced this action against PDVSA in New York state court, seeking damages for an alleged breach of contract by PDVSA regarding the company's lease of RDK's Curaçao refinery. NYSCEF No. 1. PDVSA failed to appear in the New York litigation, and RDK moved for a default judgment against it. ECF No. 1-7. The New York court initially denied that motion, believing the claims were barred by res judicata due to a Venezuelan court's prior order

against PDVSA in a similar proceeding. NYSCEF No. 34. Upon reexamination, though, the New York Court determined that res judicata did not apply. NYSCEF No. 47. Drawing upon precedent, the New York court explained that when deciding whether an action is precluded by a foreign country's prior judgment in the matter, it must ask whether the action would be precluded under that foreign country's law. *Id.* Here, Venezuelan law would have treated its prior ruling against PDVSA as a preliminary relief proceeding, which is not held to have preclusive effect in the country's courts. Thus, Venezuelan law would not give its own judgment against PDVSA preclusive effect. Accordingly, the New York court found RDK's claim to be permissible and granted RDK the default judgment it sought. ECF No. 1-13.

On June 13, 2023, PDVSA removed the New York litigation to this Court under the Foreign Sovereign Immunities Act ("FSIA") and moved to vacate the state court judgment and dismiss the Complaint with prejudice. ECF No. 1.

While the state court litigation was ongoing, RDK and PDVSA were also engaged in two arbitrations. NYSCEF No. 1. PDVSA initiated an arbitration before the American Arbitration Association's International Centre for Dispute Resolution ("AAA/ICDR") as well as before the International Chamber of Commerce ("ICC"), bringing claims against RDK under the parties' leasing agreement regarding the Curaçao facility also at issue here. ECF No. 17. The arbitrator enjoined RDK from enforcing the prior Venezuelan judgment, alleging that the court had exceeded the scope of its jurisdiction. *Id.* RDK, in its documents, noted that it intended to appeal this decision once a full arbitration panel was appointed.

## II. The Instant Litigation

PDVSA argues that RDK's service of process was insufficient and that the New York Supreme Court lacked subject matter and personal jurisdiction, thereby rendering its default judgment void. ECF No. 4. PDVSA bases these claims on an assertion that the Guaranty

agreement between it and RDK's predecessor in interest, the source of the right for the lawsuit, does not control the parties' dealings. *Id.* at 12-13, 17, 20.

The parties' dealings are governed by a utilities service agreement ("USA") dated March 27, 1998. That USA required the parties to execute a Guaranty. The Guaranty provides the details of the parties' dealings, including a forum selection clause designating New York as the appropriate forum, and a choice of law clause providing that New York law would govern. *Id.* at 5-6. However, the Guaranty refers to a USA dated April 22, 1998—not March 27, 1998. Because of this discrepancy in dates, PDVSA argues that the Guaranty agreement's provisions, including service of process, forum selection and choice of law, do not control. As such, PDVSA claims that RDK should have effected service of process in conformity with the Foreign Sovereign Immunities Act ("FSIA"), and that since RDK failed to do so, the New York state court lacked jurisdiction.

Defendant's arguments are not convincing. Neither party has produced a USA dated April 22, 1998, or even asserted that such an agreement exists. The mismatch of the dates is a clerical error and can be reformed. *See Pacwest, Ltd. v. Resolution Trust Corp.*, 1996 U.S. Dist. LEXIS 8057, at *10-11 (S.D.N.Y. 1996). This Court finds that the USA dated March 27, 1998 governs. And by that document, executed by PDVSA, PDVSA waives sovereign immunity, provides a methodology for service of process, and subjects the parties to litigation in New York and under New York law. The New York Supreme Court therefore had both subject matter and personal jurisdiction over PDVSA.

The Guaranty called for service "by registered or certified mail, postage prepaid, to the undersigned at the address set forth above [in Caracas, Venezuela], such service to become effective 30 days after mailing." ECF No. 17, (quoting Guaranty § 7(c)(vii)). However, due to the COVID-19 pandemic, compliance with these provisions was impossible, for postal carriers were not delivering registered or certified mail to Venezuela. When RDK found a carrier that

was willing to deliver to Venezuela, the delivery agent found PDVSA's offices vacant due to the pandemic. RDK informed the New York state court of this difficulty, and the court provided procedure for alternative service, pursuant to NY CPLR § 311(b). Acting on and complying with this court order, RDK emailed the Complaint and Summons to PDVSA's attorneys for two consecutive days, mailed hard copies by Federal Express to the attorneys representing PDVSA in its arbitrations with RDK, and phoned counsel to inform them of these service efforts. ECF No. 17.

This service met the requirements of the FSIA. Section 1608(b)(2) of the FSIA covers situations in which neither a special arrangement's specifications nor other signed receipt service can be made. In such circumstances, it allows a copy of the Summons and the Complaint to be mailed to an officer, managing agent, or other agent authorized by law. 28 U.S.C. § 1608(b)(2). This provision has been interpreted by courts, including this Court, to require only substantial, not perfect, compliance. *See, e.g., First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 55 (2d Cir. 2002). When analyzing whether substantial compliance has been met, courts ask whether the defendant received actual notice of the suit. *Chettri v. Nepal Bangl. Bank, Ltd.*, 2014 U.S. Dist. LEXIS 122731 (S.D.N.Y. Sept. 2, 2014). Thus, actual notice is the gravamen of whether proper service under 28 U.S.C. § 1608(b)(2) has been met.

Despite the hurdles it faced, RDK gave PDVSA actual notice of the suit through methods ordered by the New York Supreme Court—namely, by emailing the Complaint and Summons to PDVSA's lawyers, by mailing the Complaint and Summons via Federal Express to PDVSA's counsel in ongoing arbitrations, and by phone call to the counsel informing them that service was made by regular mail and by email. *Id.* at 13. This service effected actual notice of the suit: in the simultaneous AAA arbitration with RDK, PDVSA applied to the arbitrator for an order to prevent RDK from proceeding with the New York litigation. This action shows PDVSA's full awareness of the litigation pending against it. RDK therefore met its burden to give PDVSA

actual notice of the suit, and service of process was proper. Accordingly, the case was properly heard by the New York Supreme Court, and the state court's entry of a default judgment was valid.

For the reasons provided above, the motion to vacate the state court judgment and dismiss with prejudice is denied. The Clerk shall terminate ECF No. 3. No other basis of relief from a judgment having been shown, see Rule 60 of the Federal Rules of Civil Procedure, the state court default judgment in favor of RDK may be enforced.

SO ORDERED.

Dated: November 20, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge